UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL BUXBAUM,

                Plaintiff,

-against-

DEAN MENDOLSOHN,

                Defendant.

25-CV-0605 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff filed this action *pro se*. Shortly thereafter, on January 23, 2025, the Court received Plaintiff's letter asking to withdraw the complaint on the grounds that it is "no longer necessary . . . ." (ECF 4 at 1.)

    Rule 41(a)(1)(A) of the Federal Rules of Civil Procedure states that "a plaintiff may dismiss an action without a court order by filing . . . a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(A). "The rule's plain language specifically authorizes a plaintiff to voluntarily dismiss the action 'without a court order' where . . . the defendant has not answered." *Azkour v. Haouzi*, No. 11-CV-5780 (RJS) (KNF), 2013 WL 3972462, at *4 (S.D.N.Y. Aug. 1, 2013); *see also Waetzig v. Halliburton Energy Services, Inc.*, No. 23-971, 2025 WL 608110, at *2 (U.S. Feb. 26, 2025) ("[A] plaintiff may dismiss his case "without a court order" if he serves "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment.") (citing Rule 41(a)(1)(A)(i)).

    The Clerk of Court has not issued a summons, and no answer or other response to the complaint has been filed in this action. Plaintiff's letter may therefore be deemed a notice of voluntary dismissal under Rule 41(a)(1)(A), for which court approval is not required. *See, e.g.*,

*Horton v. Trans World Airlines Corp.,* 169 F.R.D. 11, 15 (E.D.N.Y. 1996) ("It is inconsequential whether the plaintiff has termed his document a notice of dismissal or a motion for dismissal."). Accordingly, Plaintiff is entitled under Rule 41(a)(1)(A) to voluntarily dismiss this action without court order, as he has done.

## CONCLUSION

Plaintiff has voluntarily dismissed this action under Rule 41(a)(1)(A) of the Federal Rules of Civil Procedure. The Court therefore directs the Clerk of Court to close this action.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:  February 26, 2025
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                    Chief United States District Judge